**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jorge VENCES, Defendant–Appellant.**

No. 98–10095.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1999.

Decided Feb. 26, 1999.

612

---

Mark W. Coleman, Fresno, California, for the defendant-appellant.

Kevin P. Rooney, Assistant United States Attorney, Fresno, California, for the plaintiff-appellee.

Before: ALDISERT,[1] NOONAN and TROTT, Circuit Judges.

NOONAN, Circuit Judge:

Jorge Vences appeals his sentence for violation of 21 U.S.C. § 841(a)(1). We dismiss the appeal for lack of jurisdiction.

---

1. Honorable Ruggero J. Aldisert, United States Circuit Judge for the United States Court of

### PROCEEDINGS

On October 15, 1997 Vences entered into a plea agreement by which he agreed to plead guilty to possession with the intent to distribute 28 packages containing approximately 29 kilograms of cocaine. He acknowledged that the maximum potential sentence was life imprisonment. He waived each of his constitutional rights as to a trial. The plea agreement further stated: "The defendant expressly waives his right to appeal and to collaterally attack any matter in connection with this prosecution. This agreement does not, however, prevent the defendant from appealing his sentence based on a claim of illegality."

At the sentencing hearing on February 9, 1998, counsel for Vences asked the court to disregard two past DUI convictions and sentence Vences on the basis of a Criminal History Category of I rather than the Category of III recommended by the Probation Office in its Presentence Report. The court refused, noting that the Probation Office had already disregarded two offenses and also disregarded the purity of the cocaine as a basis for upward departure. The government added: "the purity involved is indicative of one who is at a high level in a narcotic trafficking organization. The Probation Officer originally contemplated departing upward based on the purity, but in light of the circumstances, I believe that the way the Probation Officer has calculated the offense level is appropriate." The court stated: "Yes, I am satisfied it is properly calculated." The court called for further comment from defense counsel, who, after further argument, said: "If the court is not going to consider that his prior criminal history is overstated, I would ask for a sentence at the low end of the guideline range. . . ." The court noted that the government had recommended the middle of the range.

The court imposed a sentence of 14 years and 1 month, followed by a term of supervised release of 5 years. The court informed the defendant that he had waived his right to appeal but "still ha[d] the right to appeal any sentence that is greater than that authorized

Appeals for the Third Circuit, sitting by designation.

by the statute." The court then asked, "Any other matters that should be taken care of?" Both counsel replied no.

In the Judgment later signed by the court the court failed to explain the "reasons for imposing the sentence," as required by 18 U.S.C. § 3553. Vences now appeals his sentence, arguing this failure constitutes error.

### ANALYSIS

Vences contends that this court has jurisdiction to hear his appeal because, while he generally waived his right to appeal in the plea agreement, he preserved the right to appeal an "illegal sentence." He further argues that, in this case, his sentence is illegal because the court did not express the reasons for the sentence as required by 18 U.S.C. § 3553(c). This statute states:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence—
>
> (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; . . . ."

The court did not comply with the statute. The relevant question is whether this issue is properly before us on appeal. We hold that it is not, for two reasons.

First. Vences forfeited the objection when it was not made to the district court. Review is therefore for plain error, and plain error does not require us to take notice of it. *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Plain error is found only where there is "(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Randall*, 162 F.3d 557, 561 (9th Cir. 1998) (citing *Olano*, 507 U.S. at 732–36, 113 S.Ct. 1770). In this case, while the district court failed to comply with the technical requirements of § 3553, the court's reasons were implicit in the colloquy the court had conducted with counsel. It would be a meaningless formality to remand the case for the court to articulate the reasons.

Even more fundamentally, this court lacks jurisdiction because the district court's failure to comply with § 3553 did not make Vences' sentence "illegal," and Vences waived the right to appeal anything except an illegal sentence. Vences argues that any violation of the statutory requirements renders a sentence "illegal." But the phrase "illegal sentence" has a precise legal meaning. An illegal sentence is one "not authorized by the judgment of conviction" or "in excess of the permissible statutory penalty for the crime." *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 153 (1987). Here the sentence was not illegal because the sentence was authorized by the judgment of conviction and did not impose on Vences a sentence in excess of the statutory penalty. It would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction. *United States v. Yemitan*, 70 F.3d 746, 747–48 (2d Cir.1995).

DISMISSED for lack of jurisdiction.