**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Joseph M. PUSKARIC Defendant–
Appellant.**

No. 00–10317.
D.C. No. CR–93–00252–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2001 *.

Decided May 23, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**684**

Before BEEZER, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Joseph M. Puskaric was convicted of two counts of wire fraud in violation of of 18 U.S.C. § 1343. He was sentenced to time served and three years supervised release. The district court revoked his supervised release for violating his release by using methamphetamine and sentenced him to 24 months imprisonment, from which he appeals. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

When a court revokes supervised release and sentences a defendant for violations of supervised release, 18 U.S.C. § 3553(a)(4)(B) requires that the court consider "the applicable guidelines or policy statements issued by the Sentencing Commission." We, however, have held that a district court, when revoking supervised release, "has discretion to go outside the suggested sentencing range of the policy statements up to the statutory maximum listed in 18 U.S.C. § 3538(e)(3)." *United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000). When a district court goes outside the suggested range of the policy statements, 18 U.S.C. § 3553(c)(2) applies. *See id.* Section 3553(c)(2) requires that the district court state "in open court" the "specific reason for the imposition of a sentence different from that described" in the policy statement. 18 U.S.C. § 3553(c)(2).

Contrary to § 3553(c)(2), the district court failed to provide specific reasons for going outside the policy statement range. The district court simply stated that the "[c]ourt finds that the defendant is in violation of the terms and conditions of supervision and supervision is now terminated. Defendant is sentenced to two years—24 months, I guess." While the district court erred to that extent, because Puskaric failed to object to the court's sentence, we may not reverse except for plain error.

While the district court did not comply with the technical requirements of § 3553, "the court's reasons were implicit in the colloquy the court had conducted with counsel" and the probation officer. *United States v. Vences,* 169 F.3d 611, 612 (9th Cir.1999) (holding no plain error where district court did not state specific reasons for departure in sentencing). Similar to *Vences,* "[i]t would be a meaningless formality to remand the case for the court to articulate the reasons." *Id.* Therefore, we hold that it was not plain error for the court not to have specifically stated the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

reasons for imposing a sentence outside of the policy statement range.

## II

 Puskaric also argues that the district court committed plain error when it sentenced him to two years while under the mistaken belief that the statutory maximum period of imprisonment was three years. Because the defendant never objected to his sentence nor to the statutory maximum of three years stated by the district court, he has waived this claim. *See United States v. Visman,* 919 F.2d 1390, 1393–94 (9th Cir.1990) (Defendant waived challenge to sentence by agreeing to sentence and failing to raise objection).

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.