**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Tammy LAPLANTE, aka, Tammy**
**Olson aka, Tammy Digiovanni,**
**Defendant–Appellant.**

No. 00–30289.

D.C. No. CR–00–00056–EJL.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 31, 2001.

Before PREGERSON, FERNANDEZ,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Tammy Laplante appeals her 46–month sentence imposed following a guilty plea conviction for conspiracy and manufacturing marijuana, in violation of 18 U.S.C. §§ 841(a) and 846. Because Laplante waived her right to appeal her sentence, we lack jurisdiction and we dismiss.

Although neither party raised the issue of Laplante's waiver of the right to appeal her sentence, we are required to raise issues concerning our jurisdiction sua sponte. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (holding that

where the defendant waives the right to appeal, appellate court lacks jurisdiction); *Abernathy v. Southern California Edison,* 885 F.2d 525, 527 (9th Cir.1989) (recognizing that the appellate court is required to raise sua sponte issues concerning its jurisdiction). We review de novo the validity of a defendant's waiver of the right to appeal. *See United States v. Bolinger,* 940 F.2d 478, 479 (9th Cir.1991).

In her plea agreement, Laplante waived her right to appeal. Nothing in the record suggests that Laplante's waiver of appeal is invalid. Accordingly, this appeal is dismissed for lack of jurisdiction. *See Vences,* 169 F.3d at 613.

DISMISSED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.