**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James RODRIGUEZ, Defendant–**
**Appellant.**

No. 01–30030.

D.C. No. CR 97–62–E–BLW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2001.

Decided Oct. 31, 2001.

Before KLEINFELD and GOULD, Circuit Judges, and ROLL, District Judge.*

MEMORANDUM **

James Rodriguez appeals his conviction and sentence of 15 months imprisonment for violating the conditions of his supervised release. Rodriguez argues, for the first time on appeal, that the district court violated his right to equal protection by imposing the statutory maximum prison term when it would have allowed a person with financial means an opportunity to attend a private drug rehabilitation program.

Because this claim was not raised before the district court, we review for plain error. *United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999). *See also United States v. Olano*, 507 U.S. 725, 733–34, 113

---

* The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

S.Ct. 1770, 123 L.Ed.2d 508 (1993) (plain error is "clear" or "obvious" error that affected the defendant's substantial rights and the fairness of the district court's proceeding).

The record does not establish that the Rodriguez would have received a lighter sentence had he been able to pay for a private inpatient treatment program. At the revocation hearing, the district court questioned whether Rodriguez would be able to succeed at "one more drug treatment program." Rodriguez had failed at two prior inpatient treatment programs while on supervised release. The judge noted that the only chance for Rodriguez's rehabilitation was "to put [him] back in prison ... under circumstances where [he could] get this intense treatment." The district court could reasonably conclude that the best hope for Rodriguez's rehabilitation would be a possible enrollment in the Bureau of Prisons' intensive treatment program. The district court did not say that, if a private rehabilitation program had been a viable option, it would have imposed a shorter sentence.

There is no substantial evidence in the record supporting the speculative factual premise of Rodriguez's equal protection claim. The district court did not commit plain error in imposing sentence when revoking Rodriguez's term of supervised release.

AFFIRMED.