**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Henry M. FLEMING, Defendant–Appellant.**

No. 01–10229.

D.C. No. CR–00–00308–RLH/PAL.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2001.*

Decided Nov. 20, 2001.

■

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before WALLACE, SNEED, and SKOPIL, Circuit Judges.

### MEMORANDUM **

Henry Fleming appeals his sentence imposed after he pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a). He argues that the sentence should be vacated and remanded to permit the district court to consider a downward departure. We conclude that Fleming waived his right to appeal and, accordingly, we dismiss for lack of jurisdiction.

Fleming's plea agreement provides that he "knowingly and expressly waives his right to appeal any aspect of his sentence (including the manner in which his sentence is determined) . . . except that he may appeal an upward departure." He nonetheless contends that the waiver should not be enforced because the district court failed to comply with Federal Rule of Criminal Procedure Rule 11(c)(6). That rule requires the district court when taking a plea to "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands . . . the terms of any provision in a plea agreement waiving the right to appeal . . . ."

We conclude that the district court satisfied the requirements of Rule 11(c)(6). The record shows that Fleming acknowledged to the district court that he had read, understood, and signed the plea agreement. When asked to give the substance of the plea agreement, the Government offered that Fleming agreed to plead to one count of bank robbery and that he "knowingly and expressly waives his right to appeal any aspect of his sentence . . . except that he may appeal an upward departure." Fleming expressly agreed with the Government's representation of the terms of the agreement. Finally, Fleming answered affirmatively when asked by the court whether he understood that he could appeal only "to the extent you haven't waived the right." This colloquy "indicates a knowing and voluntary waiver." *See United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir.2000). Accordingly, the waiver is effective and we must dismiss

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

the appeal. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

**APPEAL DISMISSED.**