UNITED STATES of America, Plaintiff–Appellee,

v.

James JONES, Defendant–Appellant.

No. 01–50444.
No. CR–95–01091–LEW–01.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM**

James Lee Jones appeals the 24-month sentence imposed following revocation of his supervised release. We have jurisdiction pursuant to 18 U.S.C. § 1291, and we vacate and remand for resentencing.

Jones contends, and the government concedes, the district court erred by failing to state its reason for imposing a sentence outside of the applicable range of 3 to 9 months set forth in Sentencing Guidelines § 7B1.4(a). Because Jones failed to raise the objection to his sentence in the district court, we review for plain error. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Based upon our review of the record, we conclude that the district court erred by imposing a 24–month sentence without stating its reasons for sentencing outside of the § 7B1.4(a) range. *See* 18 U.S.C. § 3553(c)(2) (stating that when the district court sentences outside of the suggested range of the policy statements, it must state "in open court" the "specific reason for the imposition of a sentence different from that described" in the policy statement); *United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000) (stating that the reasons must be sufficiently specific for meaningful review).

VACATED and REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.