**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Thomas Kaimanu AKANA,**
**Defendant—Appellant.**

No. 00–16726.

D.C. No. CV–00–00235–PMP.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Nov. 15, 2002.*

Before HAWKINS, GRABER, and RICHARD C. TALLMAN, Circuit Judges.

MEMORANDUM **

Defendant–Appellant Thomas Kaimanu Akana ("Akana") seeks specific performance of his plea agreement in which he explicitly waived his rights to appeal and to attack his sentence collaterally. The government concedes that it failed to assert this waiver in district court. Akana's failure to challenge the government's conduct at sentencing and his failure to appeal the sentence directly, however, constitute valid waivers of his right to attack his sentence collaterally. Accordingly, we do not reach the merits of his argument.

Akana's motion to not publish this disposition is denied as moot.

APPEAL DISMISSED.

MICHAEL DALY HAWKINS, Circuit Judge, Concurring.

MICHAEL DALY HAWKINS, Circuit Judge.

Even if we could reach the merits of Akana's claim, the government was under no obligation to move for the downward departure that Akana seeks. *See United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999); *United States v. Flores–Payon*, 942 F.2d 556, 561–62 (9th Cir.1991). Any obligation to file such a motion was entirely discretionary on the part of the government, which had legitimate and non-discriminatory reasons for declining to so move: Akana's promised cooperation was less than complete, and he was indicted on unrelated drug charges shortly before his sentencing. *See Wade v. United States* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Nor was the district court under any obligation to continue Akana's sentencing to enable him to "clear up" those charges. *See United States v. Lewis*, 991 F.2d 524, 528 (9th Cir.1993).

---

* Rehearing granted Dec. 24, 2002. See 2002 WL 31875683.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.