**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas Kaimanu AKANA,**
**Defendant–Appellant.**

**No. 00–16726.**
**D.C. No. CV–00–00235–PMP.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Dec. 24, 2002.

Appeal from the United States District Court for the District of Nevada, Philip M. Pro, District Judge, Presiding.

Before HAWKINS, GRABER, and TALLMAN, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Thomas Kaimanu Akana ("Akana") seeks specific performance of his plea agreement in which he explicitly waived his rights to appeal and to attack his sentence collaterally. Akana claims that the government was obligated by the terms of the plea agreement to move for a downward departure for substantial assistance, which the government refused to do at sentencing. We disagree.

The government was under no obligation to move for the downward departure that Akana seeks. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999); *United States v. Flores–Payon,* 942 F.2d 556, 561–62 (9th Cir.1991). Any obligation to file such a motion was entirely discretionary on the part of the government, which had legitimate and non-discriminatory reasons for declining to so move: Akana's promised cooperation was less than complete,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and he was indicted on unrelated drug charges shortly before his sentencing. *See Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Nor was the district court under any obligation to continue Akana's sentencing to enable him to "clear up" those charges. *See United States v. Lewis,* 991 F.2d 524, 528 (9th Cir.1993).

The district court's denial of Akana's request for relief pursuant to 28 U.S.C. § 2255 is AFFIRMED.

Akana's motion asking the court not to publish this disposition is denied as moot.