**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Anita MCCLELLAN, Defendant—
Appellant.**

**No. 01–10335.**

**D.C. No. CR–01–00244–PGR.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD, and
FISHER, Circuit Judges.

MEMORANDUM **

Anita McClellan appeals her 200–month
sentence imposed after her guilty plea con-
viction for second-degree murder in viola-
tion of 18 U.S.C. §§ 1111 and 1153. We
lack jurisdiction and dismiss. *See United
States v. Vences,* 169 F.3d 611, 612 (9th
Cir.1999).

McClellan contends her waiver of the
right to appeal did not foreclose an appeal
contending that the district court's upward
departure was unreasonable. We review
de novo the waiver of a statutory right to
appeal, *United States v. Baramdyka,* 95
F.3d 840, 843 (9th Cir.1996), and conclude
that McClellan's contention is unpersua-
sive. McClellan's plea agreement con-
tained a waiver of her right to appeal "if

the sentence imposed is consistent with the
terms of this agreement." The agreement
specifically memorialized McClellan's un-
derstanding that the agreement was not
binding on the court, the right of both
parties to make any recommendations to
the court, and the court's authority to de-
part upward from the calculated guideline
range. The sentence McClellan received,
which reflected an upward departure for
the unusual brutality of her crime, was
consistent with the plea agreement.

To the extent that McClellan also con-
tends the waiver was not valid because the
plea colloquy required by Federal Rule of
Criminal Procedure 11 was inadequate,
her contention fails because the district
court addressed the waiver of appeal in the
colloquy.

DISMISSED.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.