**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario Antonio GUZMAN–MALERA,**
**Defendant–Appellant.**

**No. 01–50624.**
**D.C. No. CR–01–00213–AHM.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD and FISHER, Circuit Judges.

MEMORANDUM**

Mario Antonio Guzman–Malera appeals his 60–month sentence, imposed following his guilty-plea conviction for illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Guzman–Malera contends that the district court abused its discretion by denying his sentencing-day request for a new attorney in violation of his Sixth Amendment right to assistance of counsel. Guzman–Malera, however, has failed to demonstrate that the district court abused its discretion, because there is no evidence that any conflict with counsel impeded Guzman–Malera's ability to present a defense at the sentencing hearing such that the district court was required to grant his last-minute request. *See United States v. Schaff,* 948 F.2d 501, 503–05 (9th Cir.1991) (stating that this court will consider the timeliness of the request and "whether the asserted conflict created a total lack of communication such that the defendant was unable to present an adequate defense" in deciding whether the district court abused its discretion).

Guzman–Malera also contends that the district court erred by not *sua sponte* appointing an interpreter to facilitate out-of-court meetings between Guzman–Malera and his attorney. Even if the district court had the authority and an obligation to appoint an interpreter for extra-judicial attorney-client meetings when none was requested, Guzman–Malera has failed to demonstrate that the absence of a court-appointed interpreter prejudiced his defense such that plain error occurred, or that his due process rights were violated. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (stating that finding of plain error requires that defendant show an effect on his substantial rights); *Cacoperdo v. Demosthenes,* 37 F.3d 504, 510 (9th Cir.1994) (rejecting claim of due process violation where appellant failed to demonstrate prejudice and that the disput-

ed event made the proceeding fundamentally unfair).

**AFFIRMED.**