**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Carlos HINOJOS–RUIZ, Defendant—Appellant.**

No. 02–10465.

D.C. No. CR–02–20077–JF.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 23, 2003.

Before RYMER, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Carlos Hinojos–Ruiz appeals his guilty plea conviction for two counts of improper entry into the United States, in violation of 8 U.S.C. § 1325(a). Because Hinojos–Ruiz waived his right to appeal in his plea agreement, we lack jurisdiction and dismiss the appeal. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) ("It would overreach our jurisdiction to entertain an appeal when the plea agreement effectively deprived us of jurisdiction.").

Hinojos–Ruiz contends that the denial of his motion to substitute counsel violated his Sixth Amendment right to effective assistance of counsel and rendered his guilty plea involuntary. We disagree.

The denial of a substitution motion deprives the defendant of effective assistance of counsel only "if [he] and his attorney are embroiled in an irreconcilable conflict." *United States v. Fagan,* 996 F.2d

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1009, 1014 (9th Cir.1993) (internal quotation omitted). The magistrate judge conducted a full inquiry and correctly determined that the alleged conflict between Hinojos–Ruiz and his attorney did not result "in a total lack of communication preventing an adequate defense." *See id.* at 1014–15. In fact, Hinojos–Ruiz admitted that he could continue to work with the attorney. Finally, the denial of the substitution motion did not automatically render Hinojos–Ruiz's guilty plea involuntary. *See United States v. Foreman,* 329 F.3d 1037, 1039 (9th Cir.2003).

We also reject Hinojos–Ruiz's contention that the magistrate judge's comments during the hearing on the substitution motion constituted participation in the plea discussions in violation of Fed. R.Crim.P. 11(e)(1) (2001) and rendered his guilty plea involuntary. Because Hinojos–Ruiz did not challenge the voluntariness of his guilty plea in the district court, we review for plain error. *See Vences,* 169 F.3d at 613. The magistrate judge's comments about the straightforward nature of the government's case and his suggestion that Hinojos–Ruiz should think carefully about whether to accept the plea agreement were made in the context of exploring the alleged attorney-client conflict and did not amount to participation in the plea discussions. Moreover, during the subsequent Rule 11 plea hearing, Hinojos–Ruiz specifically stated that he had not been pressured to enter a guilty plea.

DISMISSED.