**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John L. CALVERT, Defendant—Appellant.**

No. 03–30087.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 17, 2003.

Timothy J. Ohms, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kenneth Watts, Spokane, WA, for Defendant–Appellant.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

John Calvert challenges his 270–month sentence after re-sentencing following a conviction for conspiracy to retaliate against a witness, in violation of 18 U.S.C. §§ 1513(b) and 371, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924, and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because appellant raises this issue for the first time on appeal, we review for plain error, *see United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999), and we vacate and remand.

Appellant contends that the district court erred in imposing a sentence above the applicable minimum guideline, and that in applying United States Sentencing Guideline § 5G1.2, which provides for consecutive sentences in order to achieve total punishment, the district court is required to impose a sentence at the low end of appellant's guideline range.

Appellant's argument has merit. This court previously described "total punishment" found in U.S.S.G. § 5G1.2 as the "minimum sentence in the guideline range for the total offense level for all counts." *See United States v. Archdale,* 229 F.3d 861, 870 (9th Cir.2000). Because appellant's sentence exceeds the low end of his guideline range, we find error. We conclude that because appellant would have received 30 months less in his sentence, Calvert's substantial rights were affected by the error, and that the error seriously affected the fairness, integrity or public reputation of the judicial proceedings. *See Vences,* 169 F.3d at 613.

Accordingly, we vacate the sentence and remand for re-sentencing consistent with this court's precedent.

**VACATED and REMANDED.[1]**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We decline to consider appellant's July 31, 2003 request for new counsel, as it is more appropriate for the district court's consideration.

