**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Francisco SERVIN–SOTO, aka Pancho,
Defendant—Appellant.**

No. 02–10305.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2003.

Decided Nov. 13, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**170**

Thomas C. Muehleck, United States Attorney, Honolulu, HI, for Plaintiff–Appellee.

James Kawashima, Esq., Watanabe, Ing & Kawashima, Honolulu, HI, for Defendant–Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before: BROWNING, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Francisco Servin–Soto appeals the voluntariness of his guilty plea and the district court's sentence enhancement. We affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

■ In order to be valid, a guilty plea must be voluntary and intelligent in light of the totality of the circumstances. *United ed States v. Kaczynski,* 239 F.3d 1108, 1114 (9th Cir.2001). Under this standard, a thorough colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure is strong evidence that the defendant comprehended the plea agreement. *United States v. Nostratis,* 321 F.3d 1206, 1209 (9th Cir.2003).

Servin–Soto argues that his plea was equivocal because of translation difficulties and because at various times in the proceedings he responded that he wished to commit his fate to God. However, Servin–Soto signed two written plea agreements and reviewed them with his attorney and an interpreter. He acknowledged he understood the agreements, the charges against him and used his own words to describe his guilt. At all times an interpreter was present and Soto was fully engaged, coherent and responsive and there is no evidence that language was a barrier to understanding his guilty plea. *See Nostratis,* 321 F.3d at 1209–10.

Moreover, each time Servin–Soto became confused, the district court carefully clarified the waiver of appellate rights and repeatedly informed him that he could not take the plea back if his sentence was higher than expected. At the sentencing

of this circuit except as provided by Ninth Circuit Rule 36–3.

hearing, the district court engaged in a further colloquy to ensure that Servin–Soto wished to proceed with his guilty plea. At each point, Servin–Soto unequivocally informed the court that he understood. The district court's colloquy at both the plea change hearing and sentencing was thorough and careful. In sum, a close review of the record indicates that Servin–Soto's guilty plea and his entry into the plea agreement were both voluntary and intelligent.

■ Because Servin–Soto's guilty plea was valid, it necessarily follows that the waiver of appellate rights contained in the plea agreement was also voluntary and intelligent. Thus, we lack jurisdiction to consider his substantive claims regarding the sentence imposed by the district court. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

**AFFIRMED.**