**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Aaron LOPEZ–URIBE, Defendant—
Appellant.**

No. 03–30097.

D.C. No. CR–02–00123–BLW.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

---

* This panel unanimously finds this case suit-

Michael Fica, Pocatello, ID, for Plaintiff–Appellee.

Deborah Whipple, Nevin, Herzfeld, Benjamin & McKay, Boise, ID, for Defendant–Appellant.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Aaron Lopez–Uribe appeals his 120-month sentence imposed following his guilty plea to conspiracy to distribute a controlled substance and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Lopez–Uribe contends that the district court improperly denied him a "safety valve" sentence reduction pursuant to United States Sentencing Guidelines section 5C1.2, even though he made a full disclosure to the government concerning his offense. Specifically, Lopez–Uribe asserts that he met his initial burden and that the district court did not then properly shift the burden to the government to show the information he supplied was untrue or incomplete. The record supports a determination that Lopez–Uribe failed to assert relevant facts that were more likely true than not, *see United States v. Montano*, 250 F.3d 709, 713 (9th Cir.2001), and we conclude the district court did not clearly err in finding that Lopez–Uribe did not meet his burden. *See United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996) (a "bare assertion that [a defendant] provided all relevant information to the government . . . is hardly a preponderance of the evidence").

Lopez–Uribe also contends, for the first time on appeal, that he should receive a third reduction point for acceptance of responsibility pursuant to United States Sentencing Guidelines section 3E1.1(b)(1). Reviewing for plain error, *see United States v. Vences*, 169 F.3d 611, 613 (9th Cir.1999), we conclude that because Lopez–Uribe's statements lacked the requisite completeness to warrant the section 3E1.1(b)(1) adjustment, the district court properly denied the additional point. *See United States v. Chee*, 110 F.3d 1489, 1494 (9th Cir.1997) (upholding district court's denial of adjustment where defendant did not provide complete information regarding his involvement in the offense).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the