**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Noe Martin RODAS–LOPEZ,**
**Defendant—Appellant.**

**No. 03–10227.**

**D.C. No. CR–02–01263–ROS.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 23, 2004.

Joan G. Ruffennach, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Lynn T. Hamilton, Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Noe Martin Rodas–Lopez appeals from his guilty plea conviction and sentence for re-entry after deportation in violation of 8 U.S.C. § 1326(a). Rodas–Lopez argues

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

that his plea hearing did not satisfy the requirements of Fed.R.Crim.P. 11(f) because the district court failed to establish the factual basis for his plea. Specifically, he argues that factual basis for the plea was inadequate because the court did not affirmatively establish his general intent to be in the United States, nor did it establish that he was not under constant surveillance from the time that he crossed the border into the United States. The government contends that this court lacks jurisdiction over this appeal because Rodas–Lopez waived his right to appeal as a term of his negotiated plea agreement.

Because Rodas–Lopez did not raises his objections below, it is his burden to demonstrate that the district court's alleged omissions constituted plain error. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). He has failed to do so. At the plea hearing, Rodas–Lopez admitted that he "jumped" the border with another man, that he traveled two or three blocks into the United States after he crossed the border, and that he hid in a field in an attempt to avoid the Border Patrol. He also admitted that his intended destination within the United States was Los Angeles, and that once in Los Angeles he might sometime in the future go to Canada. The record sufficiently establishes a factual basis for the offense of Re-entry. Because the district court complied with Rule 11(f), Rodas–Lopez's waiver is effective and we must dismiss the appeal. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.