**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ramon GAUNA–MENDOZA, also known as Jose Ramon Gauna–Mendoza, also known as Jose Ramon Mendoza Gauna, Defendant—Appellant.**

No. 03–10182.

D.C. No. CR–02–00080–SRB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided Aug. 25, 2004.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Joseph Edward Koehler, Phoenix, AZ, for Plaintiff–Appellee.

James S. Park, Park & Wilson, PLC, Phoenix, AZ, for Defendant–Appellant.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Defendant-appellant Jose Ramon Gauna–Mendoza appeals his jury conviction of illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), with a § 1326(b)(2) sentencing enhancement. We affirm. As the parties are familiar with the facts, procedural history, and arguments, we cite them only as necessary.

■ The superceding indictment in this case erroneously alleged three separate and distinct crimes in a single count. *See United States v. Rivera–Relle,* 333 F.3d 914, 919 (9th Cir.), *cert. denied* —— U.S. ——, 124 S.Ct. 459, 157 L.Ed.2d 331 (2003). Thus, the indictment was duplicitous. *See United States v. Ramirez–Martinez,* 273 F.3d 903, 913 (9th Cir.2001). That problem was cured by the government's election to proceed solely on the "found in" charge, however. *Id.* at 915.

Despite the government's election, the district court instructed the jury that the third element of the offense was that the "defendant entered or was found in the United States." We review the court's instruction for plain error because Gauna–Mendoza did not object. *See* Fed. R.Crim.P. 52(b). "Plain error is found only where there is '(1) error, (2) that was clear or obvious, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" *United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (quoting *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998)).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Although the instruction was erroneous, the error did not seriously affect the proceedings because the underlying facts of this case were clear cut and there was no danger of jury confusion, given the facts of this case.

■ The district court did not err in denying Gauna–Mendoza's request for a subpoena under Rule 17(b) to obtain testimony from his former attorney, Alexander Modaber. It does not appear that Modaber could have provided testimony that would have been relevant or admissible in the present case, and Gauna–Mendoza has not specified what admissible evidence Modaber could have provided relevant to the issues of this case. It was within the district court's discretion to deny the motion. Even if the district court improperly allowed the government to participate in the Rule 17(b) hearing, any error did not seriously affect the proceedings.

**AFFIRMED.**