**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Juan Jose MORALES, Defendant—
Appellant.**

**No. 04–10009.**

**D.C. No. CR–03–00189–JCM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 27, 2004.

William R. Reed, Las Vegas, NV, for
Plaintiff–Appellee.

Anne R. Traum, Las Vegas, NV, for
Defendant–Appellant.

Before PREGERSON, HAWKINS and
GRABER, Circuit Judges.

MEMORANDUM**

Juan Jose Morales appeals his 120–
month sentence imposed after he pleaded
guilty to possession with the intent to dis-
tribute more than 50 grams of metham-
phetamine, in violation of 21 U.S.C.
§ 841(a)(1) and (b)(1)(A)(viii). We lack ju-
risdiction and dismiss.

Morales contends that his waiver of the
right to appeal is unenforceable, first be-
cause he reserved the right to appeal up-
ward departures, and second because the
waiver was not knowing and voluntary.

Morales contends that "the failure of the
district court to apply the safety valve is
equivalent to an upward departure." This
contention is unsupported by case law and
incompatible with the plain language of the
sentencing guidelines. *See* U.S.S.G.
§ 5C1.2 (2003) (setting forth criteria in
order to qualify for the safety valve depar-
ture); *see also* U.S.S.G. § 5G1.1(b) cmt.
(2003) (stating that what constitutes a de-
parture is a decision to impose a sentence
above the statutory minimum, not the im-
position of a statutory minimum sentence).
Morales received the statutory minimum
sentence for his conviction. *See* 21 U.S.C.
§ 841(b)(1)(A)(viii).

Next, Morales contends that his waiver
of the right to appeal was not knowing and
voluntary because he was not made aware
of the possibility of safety valve relief.
Because Morales failed to raise this issue
in district court, we review for plain error,
*United States v. Ma*, 290 F.3d 1002, 1005
(9th Cir.2002), and find Morales' conten-
tion unpersuasive.

At sentencing, Morales' attorney con-
ceded that Morales did not qualify for the
safety valve departure. *See United States
v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996)
(requiring the defendant to prove by a
preponderance of the evidence that he
qualifies for a sentence reduction through
the safety valve).

Because Morales validly waived his right
to appeal, we dismiss the appeal. *See*

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999).

**DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.