**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos GONZALES, aka Carlos Rene Gonzales, Defendant–Appellant.**

No. 05–10559.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.[*]

Filed Jan. 11, 2007.

Sandra M. Hansen, Esq., George Ferko, Esq., USTU–Office of the U.S. Attorney, Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Jack L. Lansdale, Jr., Esq., Law Offices of Jack L. Lansdale, Jr., Tucson, AZ, for Defendant–Appellant.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court adequately considered that some amount of the methamphetamine may have been for personal use.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Carlos Gonzales appeals from the 20–month sentence imposed following the revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for plain error, *see United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999), and we affirm.

Gonzales contends that the district court erred by failing to state its reasons for imposing a sentence outside the applicable advisory Guidelines range of five to eleven months, pursuant to U.S.S.G. § 7B1.4(a). Although the court was brief in its specific reasons at sentencing, the reasoning was sufficient. *See United States v. Musa,* 220 F.3d 1096, 1101 (9th Cir.2000).

Further, even assuming error, Gonzales fails to demonstrate how any error affected his substantial rights. *See United States v. Olano,* 507 U.S. 725, 732–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (setting forth plain error test and stating that defendant bears burden of proving that error affected substantial rights); *see also Vences,* 169 F.3d at 613 (9th Cir.1999) (reviewing for plain error and noting that although district court erred in failing to articulate reasons for sentence pursuant to § 3553(c)(1), remanding would be a mere formality).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).