UNITED STATES of America,
Plaintiff—Appellee,

v.

Manuel HARA, aka Manuel Jara,
Defendant—Appellant.

No. 06–10192.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2007.*

Filed June 21, 2007.

Ray Gattinella, USLV—Office of the
U.S. Attorney, Las Vegas, NV, for Plain-
tiff–Appellee.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.  *See*

Fed. R.App. P. 34(a)(2).

Arthur L. Allen, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: GOODWIN, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Appellant Manuel Hara ("Appellant") appeals his conviction for conspiracy to distribute methamphetamine and attempted possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). The facts and procedural history are familiar to the parties, and we do not repeat them here. In arguing for reversal, Appellant makes three broad types of arguments: evidentiary and trial management arguments, constitutional arguments, and a new trial argument.

First, Appellant raises a series of evidentiary and trial management issues. Where Appellant raised similar objections below, we review the district court's rulings for abuse of discretion. *See United States v. Mateo–Mendez,* 215 F.3d 1039, 1042 (9th Cir.2000) (evidentiary issues generally subject to abuse of discretion review); *United States v. Garrett,* 179 F.3d 1143, 1144–45 (9th Cir.1999) (en banc) (denial of a motion for a continuance is reviewed for abuse of discretion). Where Appellant failed to raise a similar objection below, review is for plain error. *See Unit-*

*ed States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999). Under either standard, Appellant must show prejudice for reversal. *See United States v. Seschillie,* 310 F.3d 1208, 1214 (9th Cir.2002); *Vences,* 169 F.3d at 613. Appellant raises the following evidentiary/trial management arguments: 1) that "the district court erred when it refused to grant [his] request for a continuance of trial"; 2) that the district court erred in admitting the English language transcripts of wiretapped Spanish language telephone calls instead of the tapes at the trial; 3) that "the district court erred [in admitting] [his I–213 form] without proper foundation and authentication"; 4) that "the district court erred in [admitting] the testimony of Criminologist Thomas Melville regarding [the] medical effects of Methamphetamine"; and 5) that "the district court erred in [admitting] a prior arrest involving [Appellant] that was uncharged." We need not address the underlying legal merits of those contentions because Appellant has failed to show—or in most cases even claim—that he was prejudiced by any of those rulings. We reject Appellant's evidentiary and trial management objections and affirm the district court on those issues.

■ Second, Appellant raises two constitutional arguments. Appellant's first constitutional claim is that his trial counsel's performance was constitutionally defective. Appellant cites: 1) counsel's failure to advise him when trial was beginning; 2) counsel's failure to subpoena two witness; 3) counsel's failure to meet with him to prepare a defense; 4) counsel's failure to inform him of the costs and benefits of testifying; 5) counsel's failure to keep him informed of plea deals; and 6) counsel's failure to make

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

timely objections to the pre-sentencing report, as specific examples of counsel's defective performance. "Generally, we do not consider ineffective assistance claims on direct appeal, as collateral review provided by the writ of habeas corpus offers the appropriate forum to fully develop the record of counsel's performance." *United States v. Leasure*, 319 F.3d 1092, 1099 (9th Cir.2003). Indeed, "[t]here are only two exceptions to this rule: (1) if the factual record is sufficiently developed, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Reyes–Platero*, 224 F.3d 1112, 1116 (9th Cir.2000). Appellant does not fall under either exception because the factual record does not indicate how Appellant was prejudiced by counsel actions, why counsel acted as he did, or—in many cases—whether counsel even acted as Appellant claims. We decline to address this claim on direct appeal and leave it for collateral review.

■ Appellant also argues that he was denied a jury drawn from a fair cross section of the community in violation of the Sixth Amendment and that the jury pool was selected in violation of the equal protection component of the Fifth Amendment. Appellant failed to raise either claim below, and we review for plain error. *See United States v. Olano*, 62 F.3d 1180, 1187–88 (9th Cir.1995). To prevail on either claim, Appellant must show a prima facie case for discrimination, *see United States v. Rodriguez–Lara*, 421 F.3d 932, 940 (9th Cir.2005), which among other things, requires him to provide "proof, typically statistical data, that the jury pool does not adequately represent the distinctive group in relation to the number of such persons in the community," *United States v. Esquivel*, 88 F.3d 722, 726 (9th Cir.1996). Other than his trial counsel's simple assertion "that Hispanics comprised 15–18 percent of the population of the area of North Las Vegas," while the "jury pool only contained [three] Hispanics," Appellant provides no evidence indicating that Hispanics were underrepresented in his own jury pool, let alone systematically, as required to prevail. Thus, we hold that he has failed to make a prima facie showing and affirm the district court.

■ Third, Appellant argues that we should order a new trial based on newly discovered evidence. Specifically, he claims that he now has "several ... witnesses that were unknown at the time of the trial" who will testify that "[he] was not involved in methamphetamine, but on the contrary marijuana." New trial requests based on newly discovered evidence are governed by Federal Rule of Criminal Procedure 33, which provides that "within 3 years after the verdict or finding of guilty" and "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Appellant has never filed such a motion. Furthermore, even if we were to consider Appellant's claim, his proffered evidence—which indicates he was a marijuana dealer but says nothing about whether he is guilty of conspiracy to distribute methamphetamine, attempted possession with intent to distribute methamphetamine, or being an illegal alien in possession of a firearm—is immaterial. *See United States v. George*, 420 F.3d 991, 1000 (9th Cir.2005).

**AFFIRMED.**