**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bruce E. DUNBAR, Defendant–Appellant.**

No. 07–30235.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2008.[*]

Filed May 12, 2008.

Helen J. Brunner, Esq., Carl H. Blackstone, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Mary Anne Royle, Esq., Law Offices of Mary Anne Royle, Vancouver, WA, for Defendant–Appellant.

Before: GRABER and RAWLINSON, Circuit Judges, and WRIGHT,[**] District Judge.

MEMORANDUM [***]

Defendant Bruce Dunbar appeals the district court's revocation of his supervised release and the procedure for selecting the sentence imposed upon revocation.[1]

1. The district court did not err when it denied Defendant's motion to suppress the evidence seized in the search of Defendant's residence. On de novo review, *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir.2004) (en banc), we find no error. Assuming without deciding that the probation officers used excessive force, discovery of the evidence was not "causally related to the manner of executing the search," *United States v. Ankeny*, 502 F.3d 829, 837 (9th Cir.2007), *cert. denied,* ——— U.S. ———, 128 S.Ct. 2423, 171

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable Otis D. Wright II, United States District Court for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Defendant attempts to raise an additional issue in the reply brief, but his failure to raise it in the opening brief constitutes waiver. *Sanchez v. Pac. Powder Co.*, 147 F.3d 1097, 1100 (9th Cir.1998).

L.Ed.2d 233 (2008), so suppression is not warranted, *id.* at 838.

2. We review the procedural sentencing issue for plain error, because Defendant did not object to the adequacy of the district court's reasons. *United States v. Miqbel,* 444 F.3d 1173, 1176 (9th Cir. 2006). The district court provided sufficient reasons for the sentence. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc) (holding that a district court need not enumerate every possible statutory factor to show that the court has considered all factors). The court's reasons were implicit in the colloquy that the court conducted: Defendant refused to accept responsibility for his violations of supervised release but instead blamed others, Defendant classified himself as unsupervisable, and Defendant stated an intention to reoffend upon release from prison. *See United States v. Vences,* 169 F.3d 611, 613 (9th Cir.1999) (holding that there was no plain error when the district court's reasons for a sentence were implicit in the colloquy with defense counsel, notwithstanding failure to comply with technical requirements of 18 U.S.C. § 3553).

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.