**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50656 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00739-JSL-1 |
| v. | |
| MICHAEL R. LEVY, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, District Judge, Presiding

Argued and Submitted July 12, 2010
Pasadena, California

Before: FARRIS, HALL, and SILVERMAN, Circuit Judges.

Michael R. Levy appeals from a 36-month sentence imposed after he waived

indictment and pled guilty to the sole count of the information—subscribing to a

false tax return in violation of 26 U.S.C. § 7206(1)—based on his underreporting

of gross receipts from his fine art gallery by a total of $3,101,247 for tax years

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2003 through 2007. Pursuant to the plea agreement, Levy waived his right to appeal any sentence imposed by the district court, including any order of restitution and the manner in which the sentence was determined, so long as the sentence was within the applicable statutory maximum and constitutional. He nevertheless appeals, contending that his due process rights were violated because the sentencing judge was biased against him, failed to address the sentencing factors in 18 U.S.C. § 3553, did not properly apply the Sentencing Guidelines, relieved the government of its burden of proof as to tax loss, and failed to explain why it imposed the statutory maximum 36-month sentence.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We affirm.

Levy's claim of judicial bias is based primarily on an *ex parte* contact Judge Letts allegedly had with the Assistant United States Attorney ("AUSA") on March

---

[1] Upon entry of the amended judgment on December 21, 2009, Levy was ordered to pay restitution in an amount to be determined at a later hearing. No specific amount of restitution was ordered at the hearing on March 11, 2010, which concluded with Judge Letts's self-recusal, or at any subsequent hearing after the matter was reassigned. This failure to specify an amount of restitution does not affect our jurisdiction, *see Flanagan v. United States*, 465 U.S. 259, 263 (1984), and 18 U.S.C. § 3664(o), but it does raise the question whether we must remand for further proceedings to determine the proper amount of restitution. At oral argument before this court, the government conceded that Levy has paid the amount of restitution to which the parties stipulated, and no further proceedings are necessary. Thus, we consider the matter of restitution to be finally resolved.

9, 2010, two days before a hearing on the parties' proposed stipulation regarding restitution, as reported by the AUSA to defense counsel. Although he never raised any claim of judicial bias or moved for recusal in the proceedings below, Levy further contends that certain comments Judge Letts made at sentencing on December 14, 2009, and during the restitution hearing on March 11, 2010, demonstrate bias against him.

We have recognized "'a presumption of honesty and integrity in those serving as adjudicators." *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Only in the rarest of cases does a judge's conduct during the course of the proceedings constitute a basis for recusal. *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008). Claims of judicial bias that are not raised in the district court are reviewed under the "plain error" standard. *United States v. Bosch*, 951 F.2d 1546, 1548 (9th Cir. 1991). Under this standard, reversal is an exceptional remedy which will be invoked "'only when it appears necessary to prevent a miscarriage of justice or to preserve the integrity and reputation of the judicial process.'" *Id.* (quoting *United States v. Bustillo*, 789 F.2d 1364, 1367 (9th Cir. 1986)). After careful review of the record, we conclude that Levy has not made a showing of judicial bias that would require us to vacate his sentence.

-3-

The alleged *ex parte* telephone conversation, if it occurred as reported, was improper. *See* ABA Model Code of Jud. Conduct R. 2.9 (2007); U.S. Ct. App. 9th Cir. Jud. Miscon. R. 3(h)(1)(C) (cognizable misconduct includes "having improper discussions with parties or counsel for one side in a case"). But the alleged *ex parte* contact occurred three months after Judge Letts ordered imposition of the statutory maximum sentence, and could not have affected his decision on that issue. Moreover, the statements Judge Letts allegedly made to the AUSA—most of which pertained to the procedures for determining an appropriate amount of restitution—do not reflect such a high degree of favoritism to the government or antagonism to the defendant that would make fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Although he admits he did not object to any of Judge Letts's comments at sentencing, Levy contends that it was only in retrospect, as a result of the emotional exchange that occurred on March 11, 2010, when defense counsel confronted Judge Letts about the alleged *ex parte* conversation with the AUSA, that the sentencing judge's bias became manifest. We reject this claim. When read in context, Judge Letts's comments during the sentencing hearing were for the most part expressions of dismay directed at the prosecutor for undercharging the case—which involved the filing of five separate tax returns understating Levy's

gross receipts over a five-year period by a total of over $3 million (or by approximately 72%), and multiple sophisticated financial maneuvers to "structure" his bank transactions, apparently to conceal the proceeds from sales of numerous pieces of fine art. Judge Letts's critical comments about both the Guidelines range and the stipulated amount of restitution were focused on his disagreement with both parties' positions on the law and their failure sufficiently to document their calculations of tax loss. Such comments do not overcome the presumption of honesty and integrity in those serving as adjudicators, *Larson*, 515 F.3d at 1067, nor do they require recusal. *See United States v. Wilkerson*, 208 F.3d 794, 797-99 (9th Cir. 2000) (district court's commentary on legal issues, and statements of displeasure at prosecution's failure to bring additional charges supported by defendant's own admissions, do not establish bias requiring recusal). To the extent any of Judge Letts's comments suggested antagonism towards Levy, they were merely his opinions that Levy's admitted criminal conduct was profoundly dishonest and far more serious than the charging document would suggest; they did not show any wrongful or inappropriate predisposition against Levy or in favor of the government. *Id.*; *see also Liteky,* 510 U.S. at 550-51, 555.

Levy's remaining claims of sentencing error are barred by the appeal waiver. We have no doubt that Levy's waiver of his right to appeal the sentence imposed

was knowing and voluntary when made, and thus valid and enforceable, *see United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007), and that the claimed procedural errors fall within the scope of the waiver of his right to appeal "the manner in which the sentence was determined." *See United States v. Vences*, 169 F.3d 611, 612-13 (9th Cir. 1999) (district court's failure to state reasons as required by 18 U.S.C. § 3553 did not render sentence "illegal," and appeal waiver barred consideration of that claim of error).

AFFIRMED.