**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-10390 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00046-GEB-2 |
| v. | |
| ZALATHIEL AGUILA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 11, 2020**
San Francisco, California

Before:  W. FLETCHER, IKUTA, and VANDYKE, Circuit Judges.

Aguila appeals from an amended judgment ordering him to pay restitution to

the victims of his offense.  We have jurisdiction under 28 U.S.C. § 1291, and we

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss this appeal because Aguila validly waived his right to appeal and none of the exceptions to such waivers is applicable.

"As a general rule, a waiver of appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) (cleaned up). Aguila does not argue that either of these requirements is lacking here.

We have identified certain "exceptions to the rule that a defendant can waive the right to appeal various claims," but the only exception argued here is that "a waiver of the right to appeal does not bar a defendant from challenging an illegal sentence." *Id*. at 785 (cleaned up). "[T]he phrase 'illegal sentence' has a precise legal meaning." *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999). "An award of restitution is illegal *only if* it is not authorized for the offense at issue or is in excess of the amount allowed by statute." *Lo*, 839 F.3d at 787–88 (emphasis added).

Aguila does not claim that the added restitution amount was "not authorized by the judgment of conviction" or was "in excess of the permissible statutory penalty for the crime." *Vences*, 169 F.3d at 613 (quoting *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986)); *see also* 18 U.S.C. § 3664(f)(1)(A) ("[T]he

2

court shall order restitution to each victim in the full amount of each victim's losses . . . ."). Aguila argues only that the district court exceeded its statutory authority when it amended the restitution order after the sentencing hearing. However, even if the court had exceeded its authority,[1] the amended restitution order would not constitute an "illegal sentence" that would permit an exception to Aguila's appeal waiver. *See Vences*, 169 F.3d at 613.

**DISMISSED.**

---

[1] *But see Dolan v. United States*, 560 U.S. 605, 618–20 (2010) (rejecting the view that an entry of judgment would immediately deprive the trial judge of the authority later to order restitution under § 3664(d)(5) "in the absence of a statute specifically providing otherwise").