**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*,<br><br>v.<br><br>ALAN DAVID NIXON,<br>*Defendant-Appellant.* | No. 16-50097<br><br>D.C. No.<br>8:12-cr-00240-<br>JVS-10<br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted October 7, 2016
Pasadena, California

Filed October 17, 2016

Before: Stephen S. Trott, John B. Owens,
and Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Criminal Law

Affirming the district court's denial of a motion for modification of the conditions of probation, the panel held that a congressional appropriations rider that prohibits the Department of Justice from using certain funds to prosecute individuals for engaging in conduct permitted by state medical marijuana laws does not impact the ability of a federal district court to restrict the use of medical marijuana as a condition of probation.

### COUNSEL

Marri Derby (argued), Newport Beach, California, for Defendant-Appellant.

Kevin M. Lally (argued), Chief, Organized Crime Drug Enforcement Task Force Section; Lawrence S. Middleton, Chief, Criminal Division; Eileen M. Decker, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## **OPINION**

PER CURIAM:

We must decide whether a congressional appropriations rider that prohibits the Department of Justice from using certain funds to prosecute individuals for engaging in conduct permitted by state medical marijuana laws impacts the ability of a federal district court to restrict the use of medical marijuana as a condition of probation. We hold that it does not.

I.

Defendant-Appellant Alan David Nixon pled guilty to aiding and abetting the maintenance of a drug-involved premise in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2(a). The district court sentenced Nixon to a three-year term of probation. As a condition of probation, the district court required that Nixon refrain from unlawful use of a controlled substance and submit to periodic drug testing.

After Nixon had served approximately one year of his probationary term, Congress enacted an omnibus appropriations bill that included the following rider:

> None of the funds made available in this Act to the Department of Justice may be used, with respect to the States of Alabama, Alaska, Arizona, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kentucky, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nevada, New Hampshire, New Jersey, New Mexico, Oregon, Rhode Island, South

Carolina, Tennessee, Utah, Vermont, Washington, and Wisconsin, to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana.

Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235 § 538, 128 Stat. 2130, 2217 (2014). Congress has since enacted a new appropriations bill for the fiscal year ending September 30, 2016, which includes essentially the same rider. Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 542, 129 Stat. 2242, 2332–33 (2015) ("Section 542" or the "appropriations rider").

As relevant to this appeal, Nixon moved the district court to modify his conditions of probation on the ground that the appropriations rider required that he be permitted to use marijuana for medical purposes in compliance with California's Compassionate Use Act, Cal. Health & Safety Code § 11362.5, during his probationary term. The district court denied that motion, concluding that whatever its impact on the Department of Justice ("DOJ"), the appropriations rider had "no effect on the Court or the Probation Office, which is an arm of the Court." To the contrary, the district court reasoned that it was statutorily required to prohibit use of federally controlled substances, including marijuana, as a condition of probation:

> [P]ossession and use of marijuana are illegal under federal law. 21 U.S.C. § 844(a). There is no medical necessity defense to violation of the statute. *United States v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 494–95 n.7 (2001). By statute, the Court must

impose as a condition of probation that a defendant not violate any law.   18 U.S.C. § 3563(a)(1).

Nixon timely appealed.

## II.

Nixon argues that the appropriations rider suspended the Controlled Substances Act, 21 U.S.C. § 821 *et seq.* ("CSA"), with respect to individuals possessing and using marijuana in compliance with the Compassionate Use Act (and similar laws in the states identified in the appropriations rider).[1] Accordingly, Nixon contends that both the DOJ and the federal courts are prohibited from enforcing the CSA against him.[2]

We review a district court's decision regarding modification of probation conditions for abuse of discretion.

---

[1] We address Nixon's other challenges to the district court's denial of his modification motion in a concurrently filed memorandum disposition.

[2] Nixon does not contend that the appropriations rider prohibited the DOJ from opposing the motion for modification of his probation conditions or otherwise participating in post-sentencing proceedings. We therefore need not decide whether the appropriations rider affects the DOJ's ability to participate in post-sentencing proceedings.   Indeed, Nixon waived any such claim in the district court by successfully arguing that the district court could not hold a probation revocation hearing without participation by the DOJ.   Because the DOJ ultimately participated in his probation revocation hearing, there is no basis for Nixon's claim that the district court violated the separation of powers doctrine by "proceeding in a probation violation hearing without the presence of the DOJ."

*See United States v. Bainbridge*, 746 F.3d 943, 946, 951 (9th Cir. 2014). We now affirm.

Nixon's reading is not supported by the plain language of the appropriations rider and is foreclosed by our precedent. On its face, the appropriations rider restricts only the DOJ's ability to use certain funds on particular prosecutions during a specific fiscal year. *See United States v. McIntosh*, — F.3d —, 2016 WL 4363168, at *11 (9th Cir. Aug. 16, 2016) (observing that the restriction on DOJ's use of the appropriated funds is "temporal" in nature). Accordingly, we have warned that individuals still face the possibility of prosecution under the CSA:

> To be clear, § 542 does not provide immunity from prosecution for federal marijuana offenses. The CSA prohibits the manufacture, distribution, and possession of marijuana. Anyone in any state who possesses, distributes, or manufactures marijuana for medical or recreational purposes (or attempts or conspires to do so) is committing a federal crime. The federal government can prosecute such offenses for up to five years after they occur. *See* 18 U.S.C. § 3282. Congress currently restricts the government from spending certain funds to prosecute certain individuals. But Congress could restore funding tomorrow, a year from now, or four years from now, and the government could then prosecute individuals who committed offenses while the government lacked funding. . . . Nor does any state law "legalize" possession, distribution, or

> manufacture of marijuana. Under the Supremacy Clause of the Constitution, state laws cannot permit what federal law prohibits. U.S. Const. art. VI, cl. 2. Thus, while the CSA remains in effect, states cannot actually authorize the manufacture, distribution, or possession of marijuana. Such activity remains prohibited by federal law.

*Id.* at *11 n.5.

As this discussion in *McIntosh* makes clear, the CSA continues to apply in all 50 states, although the DOJ's ability to use certain funds to pursue individual prosecutions under that statute remains circumscribed to the extent we explained in *McIntosh* as long as the appropriations rider is in effect. Accordingly, the district court did not abuse its discretion by refusing to modify the conditions of Nixon's probation to allow him to possess and use marijuana for medical purposes in violation of federal law.

## III.

For the foregoing reasons, we **AFFIRM** the district court's denial of Nixon's motion for modification of his conditions of probation.