

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30392 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00140-TOR-3 |
| v. | |
| BOUALONG SILKEUTSABAY, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-30393 |
| Plaintiff-Appellee, | D.C. Nos. 2:13-cr-00140-TOR-1 |
| v. | 2:13-cr-00140-TOR-2 |
| SINYO SILKEUTSABAY; LA LY YANG; KHAMLAY SILKEUTSABAY, | 2:13-cr-00140-TOR-4 |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted February 8, 2017
Seattle, Washington

Before: FISHER, PAEZ, and CALLAHAN, Circuit Judges.

Boualong Silkeutsabay, Khamlay Silkeutsabay, Sinyo Silkeutsabay , and La Ly Yang ("the defendants") appeal their convictions. Boualong Silkeutsabay, Sinyo Silkeutsabay, and La Ly Yang pled guilty to conspiracy to manufacture 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Khamlay Silkeutsabay pled guilty to misprision of felony in violation of 18 U.S.C. § 4. The defendants argue that § 538 of the 2015 Consolidated and Further Continuing Appropriations Act, which prohibits the use of funds in a manner that impedes a state's ability to implement its own medical marijuana laws, prohibited prosecution of their case. Pub. L. No. 113-235, § 538, 128 Stat. 2130, 2217 (2014).[1]

We have jurisdiction under 28 U.S.C. § 1291, and we vacate the defendants' sentences and judgments and remand for further proceedings.

1.     We review de novo a district court's decision to deny a motion to dismiss, including on the basis of its interpretation of a federal statute. *United States v. Olander*, 572 F.3d 764, 766 (9th Cir. 2009).

---

[1] The defendants moved to dismiss their indictments on the basis § 538 and reserved their right to appeal the district court's denial of that motion.

2

**2.**     Under *United States v. McIntosh*, § 538 prohibits the federal government from prosecuting individuals who comply with state medical marijuana laws. 833 F.3d 1163, 1177 (9th Cir. 2016).[2] *McIntosh* held that individuals seeking to avoid prosecution under § 538 "are entitled to evidentiary hearings to determine whether their conduct was completely authorized by state law." *Id.* at 1179.

**3.**     Washington law provides that a designated provider can grow fifteen plants for a medical marijuana patient. Wash. Rev. Code § 69.51A.0210. State court of appeal decisions have interpreted these statutes to allow individuals to serve as designated providers for multiple patients at a time. *State v. Markwart*, 329 P.3d 108, 119 (Wash. Ct. App. 2014); *see also State v. Shupe,* 289 P.3d 741, 748 (Wash. Ct. App. 2012). Citing *Markwart* and *Shupe*, the defendants contend that designated providers may legally grow fifteen plants for each qualified patient. The defendants argue that because they had 300 such qualified patients, they could grow up to 4,500 marijuana plants.

**4.**     The district court found that the defendants did not comply with state medical marijuana laws because they pled guilty to possessing over 1,000

---

[2] *McIntosh* dealt with § 542, the nearly identical provision from the 2016 Consolidated and Further Continuing Appropriations Act. Pub. L. No. 114–113, § 542, 129 Stat. 2242, 2332-33 (2015). In *United States v. Nixon*, we applied *McIntosh* to § 538, reasoning that the riders were "essentially the same." 839 F.3d 885, 887 (9th Cir. 2016).

marijuana plants. The district court did not hold an evidentiary hearing to make this determination and did not appear to consider *Markwart* and *Shupe*, which indicate some ambiguity as to whether designated providers may grow larger quantities of marijuana when they serve multiple patients. 329 P.3d at 119; 289 P.3d at 748. Under *McIntosh*, the defendants are entitled to an evidentiary hearing in the district court on whether the amount of marijuana they were growing complied with Washington's medical marijuana laws. 833 F.3d at 1179. Had the district court held an evidentiary hearing, it might have found that under a reasonable reading of *Markwart* and *Shupe*, the defendants were not limited to fifteen marijuana plants.

**5.** Defendants entered conditional pleas of guilty that expressly reserved their rights to appeal the district court's denial of the motion to dismiss the indictment. Because we vacate the order denying the motion to dismiss the indictment, we also conditionally vacate defendants' convictions. The district court shall reinstate the convictions if, after conducting the evidentiary hearing, it determines defendants were not in compliance with Washington's medical marijuana laws. *See United States v. Cordoba*, 104 F.3d 225, 229 (9th Cir. 1997).

**6.**     In light of this disposition, upon remand the defendants shall be released from prison, subject to reasonable terms and conditions as determined by the district court.

**7.**     The mandate shall issue forthwith.[3]

VACATED AND REMANDED.

---

[3] In light of our disposition, the defendants' motion for release on appeal is denied as moot.