NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 17 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>NATHAN HOFFMAN,<br><br>Defendant-Appellant. | No.  17-10472<br><br>D.C. No.<br>2:15-cr-00234-JAM-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted October 15, 2018[**]
San Francisco, California

Before: HAWKINS and HURWITZ, Circuit Judges, and ROSENTHAL,[***] District Judge.

Nathan Hoffman was charged with conspiring to manufacture and manufacturing marijuana. After he was charged, the Ninth Circuit decided *United*

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Lee H. Rosenthal, Chief United States District Judge for the Southern District of Texas, sitting by designation.

*States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016), which held that a congressional appropriations rider prohibits use of federal funds to prosecute defendants in compliance with state medical marijuana laws. Hoffman initially indicated that he would file a *McIntosh* motion, but he never did so. Instead, pursuant to a plea agreement, he pleaded guilty to manufacturing marijuana. The plea agreement stipulated that Hoffman had manufactured and sold marijuana for profit, and included a waiver of the right to appeal or to "bring a collateral attack . . . challenging any aspect of the guilty plea, conviction, or sentence." Before he was sentenced, Hoffman sought an evidentiary hearing; his motion was denied. He then filed, inter alia, a motion to withdraw his plea. The court denied the motion and sentenced Hoffman to a 48-month sentence, which was consistent with his Rule 11(C)(1)(c) agreement. This appeal followed. We have jurisdiction over his appeal under 28 U.S.C. § 1291 and affirm.

1. An appeal and collateral attack waiver "is generally enforced if '(1) the language of the waiver encompasses [the] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'" *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted). Hoffman claims that his waiver does not encompass his present claims, because they are based on the district court's 2017 denial of an evidentiary hearing, which occurred *after* he entered into the plea agreement. This argument fails. This Court decided *McIntosh* in 2016,

well prior to Hoffman's plea agreement, and he offers no credible argument that his plea implicitly allowed him to appeal the denial of a *McIntosh* defense raised only after the guilty plea.

Hoffman also argues that the district court failed to conduct a "count-by-count" analysis, which he claims is required by *United States v. Kleinman*, 880 F.3d 1020, 1028 (9th Cir. 2017), to determine which charges were restricted by the congressional appropriations rider. Hoffman is mistaken; as *Kleinman* explains, a count-by-count analysis is necessary to ensure that the prosecution does not "use a prosecutable charge (for conduct that violates state medical marijuana law) to bootstrap other charges that rely solely upon conduct that would fully comply with state law." *Id.* That is not a risk here. Hoffman was charged with conspiracy to manufacture marijuana, and the same offense conduct is alleged in both counts.

2. Even if Hoffman had not waived his right to appeal, the district court correctly denied his request for a *McIntosh* hearing as "futile." Hoffman's plea agreement specifically admitted that he "was involved in a conspiracy to grow marijuana for profit," precluding any basis for finding that he was in compliance with state law. California's Medical Marijuana Program expressly excludes cultivation and sale for profit. *See* Cal. Health & Safety Code § 11362.765. By his own admission, Hoffman was not in compliance with California law, and a *McIntosh* hearing was unwarranted.

3

**AFFIRMED.** Appellee's unopposed Motion for Judicial Notice, **Dkt. 15**, is

**GRANTED.**