**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LANDON BRITT,

Petitioner-Appellant,

v.

BRUCE PLUMLEY,

Respondent-Appellee.

No.   19-15060

D.C. No. 1:18-cv-00386-EPG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted November 13, 2019[**]
San Francisco, California

Before:  BENNETT and LEE, Circuit Judges, and PIERSOL,[***] District Judge.

Federal prisoner Landon Britt appeals from the district court's judgment

denying his 28 U.S.C. § 2241 habeas petition.  We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

U.S.C. § 1291. We review de novo a district court's denial of a section 2241 habeas petition, *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017), and we affirm.

Britt challenges a Bureau of Prisons (BOP) regulation that, along with the accompanying BOP Program Statement, allows the BOP to categorically exclude from early release consideration inmates convicted of drug conspiracy offenses under 21 U.S.C. § 846 if their sentences were enhanced because firearms were involved. *See* 28 C.F.R. § 550.55(b)(6).

Britt's claim is foreclosed by the United States Supreme Court's decision in *Lopez v. Davis*, 531 U.S. 230 (2001). There, the Court held that 18 U.S.C. § 3621(e)(2)(B) granted the BOP discretion and authority to deny early release to a category of prisoners whose offense is a felony involving carrying, possession, or use of a firearm. *Lopez*, 531 U.S. at 244.

Lopez was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and the district court enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1), finding he possessed a firearm in connection with his offense. *Id.* at 236. The Supreme Court held that § 3621(e)(2)(B) granted the BOP discretion to categorically deny early release eligibility to certain classes of inmates and that the BOP's final regulation, 28 C.F.R. § 550.58(a)(1)(vi)(2000)—excluding from early release all inmates with

2

a felony offense involving possession of a weapon—was a permissible, reasonable exercise of the agency's discretion. *Id.* at 240–244.

Contrary to Britt's contention, the reasoning in *Lopez* applies equally to section 846 drug conspiracy convictions. *Cf. United States v. O'Brien*, 52 F.3d 277, 278–79 (9th Cir. 1995) ("[T]he intent of the [1988] amendment [to section 846] was to 'make clear that any penalty that may be imposed for a substantive drug offense may be imposed for [a] conspiracy to commit that offense.'") (quoting 134 Cong.Rec. S17,366 (Daily ed. Nov. 10, 1988)).

We agree with the magistrate judge that 28 C.F.R. § 550.55(b)(6) is not arbitrary and capricious within the meaning of section 706 of the APA.

The government's request for judicial notice is GRANTED. (Dkt. 9).

**AFFIRMED**.