NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-10282 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-01622-CKJ-DTF-1 |
| v. | |
| ADAM STARGAZER, AKA Damon Alexander Grey, AKA Dale Richard Slack, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 14, 2021**

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Adam Stargazer appeals from the district court's judgment revoking his

supervised release for the second time. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

Stargazer first contends that, at his initial appearance, the magistrate judge

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

violated his right to due process by failing to comply with Federal Rule of Criminal Procedure 32.1(a)(3). We need not resolve the parties' dispute over the standard of review that applies to this claim because, even adopting the more favorable standard urged by Stargazer, any error was harmless. The record reflects that, by the time of the next hearing, Stargazer was aware of the alleged violation, had counsel, and wanted to waive his right to a preliminary hearing. *See* Fed. R. Crim. P. 32.1(a)(3), (b)(1)(A).

Stargazer next argues that the district court erred by revoking his term of supervised release because the condition that he admitted to violating is impermissibly vague. The challenged condition required that Stargazer "refrain from any unlawful use of a controlled substance" and set forth that "[t]he use or possession of marijuana, even with a physician's certification, is not permitted." Contrary to Stargazer's contention, this condition is not "so vague that it fails to provide people of ordinary intelligence with fair notice of what is prohibited." *United States v. Sims*, 849 F.3d 1259, 1260 (9th Cir. 2017).

Finally, Stargazer asserts on appeal for the first time that the district court was required to determine whether his admitted use of marijuana was compliant with state law because, if his use was compliant, the government was prohibited from expending funds to revoke his supervised release under *United States v. McIntosh*, 833 F.3d 1163 (9th Cir. 2016). This claim is unpersuasive because

Stargazer offers no support for his argument that he complied with state law, and our precedent does not support extending *McIntosh* to a supervised release revocation proceeding. *See United States v. Nixon*, 839 F.3d 885, 888 (9th Cir. 2016) (because *McIntosh* only applies to "the [Department of Justice's] ability to use certain funds to pursue individual prosecutions," the district court did not abuse its discretion by refusing to modify the conditions of probation to permit defendant to use marijuana for medical purposes); *see also United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995) (district courts have "wide discretion in fashioning a defendant's obligations during a term of supervised release" and may prohibit activity that "may not even be a crime").

**AFFIRMED.**