**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>HECTOR MANUEL GOMEZ RODRIGUEZ,<br><br>Defendant-Appellant. | No.   22-10250<br><br>D.C. No.<br>1:19-cr-00161-DAD-BAM-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 14, 2023
San Francisco, California

Before:  KOH, H.A. THOMAS, and DESAI, Circuit Judges.

Mr. Gomez Rodriguez pled guilty to conspiracy to manufacture over 1,000 marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and 846 after being arrested during a marijuana grow site raid. As part of his plea agreement, he agreed to an appellate waiver. At the end of his sentencing hearings, the district court found that Mr. Gomez Rodriguez was ineligible for a safety valve exemption from the statutory

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

mandatory minimum sentence, 18 U.S.C. § 3553(f)(2), because he had possessed a firearm at the grow site. The court sentenced him to a mandatory minimum term of 120 months with a five-year supervised release period. On appeal, Mr. Gomez Rodriguez challenges his sentence and asserts that the appellate waiver does not apply. We have jurisdiction under 18 U.S.C. § 3742. We dismiss in part and affirm in part.

We review whether a defendant has waived his right to appeal by plea agreement de novo. *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004). We typically review the constitutionality of a sentence de novo. *United States v. Hungerford*, 465 F.3d 1113, 1116 (9th Cir. 2006). But when a defendant raises an issue for the first time on appeal, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993).

1.      We dismiss Mr. Gomez Rodriguez's appeal in part because he knowingly and voluntarily agreed to the plea agreement, and the plain language of the agreement includes a waiver of his right to appeal his sentence. *See Davies v. Benov*, 856 F.3d 1243, 1246–47 (9th Cir. 2017) ("A defendant's waiver of his rights to appeal . . . is generally enforced if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made" (internal citation omitted)). Although an appellate waiver does not prevent challenges to "illegal" sentences, *United States v. Torres*, 828 F.3d 1113, 1125 (9th

2

Cir. 2016), a sentence is only "illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution," *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).[1] Therefore, this exception does not permit Mr. Gomez Rodriguez to appeal the district court's refusal to apply the safety valve statute to his sentence. *See United States v. Wells*, 29 F.4th 580, 585 (9th Cir. 2022) (declining to extend meaning of "illegal sentence" to encompass sentences potentially violating 18 U.S.C. § 3553). The exception does, however, cover his constitutional claim that his sentence violates the Eighth Amendment. *See id.* at 587. Accordingly, we dismiss Mr. Gomez Rodriguez's safety valve claim, but reach the merits of his constitutional claim.

2.      The district court's sentence does not violate the Eighth Amendment. The Eighth Amendment forbids sentences that are "grossly disproportionate" to the crime. *Graham v. Florida*, 560 U.S. 48, 59–60 (2010). When a defendant challenges his sentence, we first compare "the gravity of the offense to the severity of the sentence." *United States v. Hammond*, 742 F.3d 880, 884 (9th Cir. 2014) (quoting *United States v. Williams*, 636 F.3d 1229, 1232 (9th Cir. 2011)). If the initial comparison "leads to an inference of gross disproportionality," we then "compare

---

[1]      Mr. Gomez Rodriguez asks us to interpret "illegal sentence" to include a sentence which is based on a finding of safety valve ineligibility, but our circuit's precedent forecloses us from doing so. *See United States v. Wells*, 29 F.4th 580, 585 (9th Cir. 2022); *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999).

the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (quoting *Graham*, 560 U.S. at 60).

Here, the first step of the analysis is dispositive. Mr. Gomez Rodriguez was involved in growing 4,494 marijuana plants that damaged federal land, and the district court imposed the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(vii). As applied to Mr. Gomez Rodriguez's offense, the sentence imposed does not give rise to "an inference of gross disproportionality," *Hammond*, 742 F.3d at 884 (quoting *Graham*, 560 U.S. at 60), especially considering the "substantial deference" we grant to Congress's authority in determining the punishments for federal crimes, *Solem v. Helm*, 463 U.S. 277, 290 (1983); *see also United States v. Albino*, 432 F.3d 937, 938 (9th Cir. 2005) (per curiam).

We **DISMISS in part** and **AFFIRM in part.**