[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10742

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRY MARTIN STEIGER,
a.k.a. Henry Matthew Steiger,
a.k.a. H M Steiger,
a.k.a. Robert Woods,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:17-cr-00043-RV-2

———————————

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, Circuit Judge, and COOGLER,[*] Chief District Judge.

COOGLER, Chief District Judge:

Henry Steiger appeals his sentence of 20 years of imprisonment following the revocation of his probation pursuant to 18 U.S.C. § 3565. Steiger argues that, where the Sentencing Guidelines recommended a sentence of 12 to 18 months of imprisonment, his sentence is procedurally and substantively unreasonable. One of his arguments is that the district court failed to give a specific reason for imposing an upward variance to the statutory maximum, in violation of 18 U.S.C. § 3553(c)(2). Based upon this Court's precedents, we vacate and remand for resentencing.

## I. BACKGROUND

In September 2017, Steiger pleaded guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349, and three counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. Steiger's presentence investigation report ("PSI") noted that the statutory imprisonment range on each count was 20 years, for a total maximum of 80 years. The PSI calculated a guideline imprisonment range of zero to six months. Further, the PSI

———————————

[*] Honorable L. Scott Coogler, Chief United States District Judge for the Northern District of Alabama, sitting by designation.

noted that because all four counts were Class C Felonies, Steiger was eligible for one to five years of probation under 18 U.S.C. § 3561(c)(1). In December 2017, the district court sentenced Steiger to three years of probation.

In September 2019, the United States Probation Office filed a petition for revocation of Steiger's probation, alleging that Steiger had committed nine violations. At the revocation proceeding conducted in February 2022, the government explained that it would proceed only on the eighth violation, which was premised on the fact that Steiger had been convicted in Florida state court in June 2019 of one count of second-degree murder.

At the revocation proceeding, United States Probation Officer Kailey Minnick testified that Steiger began his probation sentence in December 2017 and was under Minnick's supervision when he was charged by the State of Florida with committing a murder in February 2018. After Steiger's arrest, he pleaded not guilty, and after a trial, was found guilty of one count of second-degree murder in August 2019. The court sentenced Steiger to life in prison. Steiger appealed his conviction. The Florida First District Court of Appeal affirmed his conviction.

In the revocation proceeding, Minnick read the following summary of the facts of the crime from the Florida appellate court's opinion. Steiger and the mother of his child, Cassandra Robinson, had a disagreement on February 1, 2018, and Robinson's family later reported her missing as of that date. Steiger's business associate, Julian Mesure, told law enforcement officers that Steiger

had implied to Mesure that Steiger had killed Robinson and that he helped Steiger move items, including a 55-gallon drum, to Steiger's trailer and helped dispose of Robinson's iPad and iPod. In July 2018, investigators located Robinson's decomposing body inside the 55-gallon drum, inside Steiger's trailer. The medical examiner concluded that her manner of death was homicide. The date of the killing was February 1, 2018, which was Steiger and Robinson's daughter's first birthday. When Mesure had been questioned by law enforcement, he said Steiger talked to him about the plan to kill Robinson and just needed to decide the "'when and where.'" Once he had decided, Steiger asked Mesure to climb into the 55-gallon drum to see if he would fit. Steiger had also demonstrated to Mesure a motion of choking with his hands and indicated the victim was holding the baby when this happened.

Minnick continued with the following facts from the Florida appellate court's opinion. Steiger testified at his trial that on the day of the birthday, Steiger found Robinson in the laundry room with a bag over her head and rope around her neck and believed she had committed suicide. He testified that he attempted to revive her but was unsuccessful and admitted that he did not call 911 or seek any medical assistance. He also admitted that his conduct afterwards of placing her inside the barrel was in an effort to "'cover my tracks more like a guilty person.'" He denied making comments about the "when and where" and demonstrating the choking motion to Mesure. He testified that he did not come forward about the death because he wanted to maintain custody of his daughter.

Minnick further testified that Steiger had argued to the Florida appellate court, and subsequently to the Supreme Court of Florida, that his attorneys were ineffective in their representation at his trial, but that the Supreme Court of Florida affirmed the appellate court's refusal to consider the claim because Steiger had not preserved it for appeal.

After the probation officer's testimony concluded, Steiger's counsel informed the district court that Steiger was working with retained counsel on a post-conviction motion to raise an ineffective assistance of counsel claim and that he maintained his innocence to the murder charge.

The district court found that Steiger violated the conditions of his probation by committing the new crime as charged in the violation. The court revoked Steiger's probation and heard argument from the parties as to the sentence. Noting that Steiger had been trusted to be on probation for a term of three years, the government argued that Steiger then committed the most egregious of offenses while on probation. The government noted that while the guideline range was 12 to 18 months, that range greatly understated the seriousness of the new law violation, and it noted that the court, in its discretion, could impose a sentence of 20 years of imprisonment for each of the four offenses with a maximum of 80 years. In response, Steiger's counsel argued that the district court should sentence him to time served because Steiger's criminal history category was a I when he was originally sentenced, which

meant that his original guideline range was zero to six months, and he had already been in prison for over three years.

The court gave Steiger the opportunity to allocute, at which time Steiger argued that his trial counsel was constitutionally ineffective, that he was confident that he would receive a new trial, and that the Florida appellate court's opinion contained an inaccurate summary of the facts of the case, which could be clarified with the trial record.

In reply, the government reminded the district court that the Florida First District Court of Appeal was able to review the entire transcript and record and noted that Steiger did not dispute that he put Robinson's body in a barrel for months.

The district court then stated the following:

> In determining an appropriate sentence, I have carefully considered not only the evidence that I've heard here today but also the matters presented during the course of the trial in the underlying case.
>
> There was a lot of question about determining who was telling the truth in that case. And the real unusual thing about that case is that it ended up with the object of the alleged fraud, the app itself being destroyed and therefore having no value, which resulted in a very low offense level for you and your codefendants in that case, and a probation sentence for you in response to a substantial assistance motion filed by the government as well.

I do know, Mr. Steiger, you're a very smart man, and it's sad that you have ended up standing before me as you are currently.

But I have fully considered all of the factors set out in Title 18, United States Code, Section 3553(a), as well as the applicable guidelines and policy statements from the United States Sentencing Commission and the decisions of the courts about sentencing under these circumstances, including decisions by the Supreme Court of the United States.

So, under the authority of the Sentencing Reform Act of 1984 and its amendments, it is the judgment of the Court that you're hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 20 years on each count, each of the four counts, to be served concurrently one with the other. And this sentence of 20 years shall be served concurrently with the sentence imposed by the State of Florida in your murder trial case, that's Case No. 2018CF004365A.

The district court then asked whether either counsel had "any objections to any of my findings or conclusions of law or anything that needs to be amplified on the record with regard to the sentence I've imposed?" Neither counsel objected on any ground.

Steiger appealed.

## II. STANDARD OF REVIEW

If a defendant fails to specifically object at the time of sentencing to the procedural reasonableness of the sentence imposed by the district court, this Court reviews for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, this Court reviews *de novo* whether the district court stated a specific reason for imposing a sentence outside the guideline range as required by 18 U.S.C. § 3553(c)(2), even when the defendant did not object on this ground before the district court, because the claim can be evaluated on a silent record. *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016).

## III. DISCUSSION

Upon finding that a defendant violated a condition of probation, a district court may revoke the term of probation and impose a term of imprisonment, as long as the court considers the factors set forth in 18 U.S.C. § 3553(a), such as the need for the sentence imposed to reflect the "seriousness of the offense" and "afford adequate deterrence," among others. 18 U.S.C. § 3565.[1] The district

---

[1] In sentencing a probation violator, a district court is not restricted to the Sentencing Guidelines range applicable at the time of the initial sentencing hearing. *United States v. Cook*, 291 F.3d 1297, 1300 (11th Cir. 2002) (per curiam) (citing 18 U.S.C. § 3565(a)(2)). For revocations, the Sentencing Commission has promulgated policy statements that include a table with terms of imprisonment for defendants whose probation periods have been revoked based upon the grade of the probation violation and the defendant's criminal history at the time of the original sentencing hearing. *Id.* at 1301 (citing U.S.S.G. § 7B1.4). And while the sentencing judge may choose a specific penalty from the guideline range, he also has the authority to impose a sentence outside the

court commits a "significant procedural error" in imposing a sentence if it calculates the guidelines incorrectly, fails to consider the § 3553(a) factors, bases the sentence on clearly erroneous facts, or, of particular relevance here, "fail[s] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Section 3553(c)(2) also provides that if the district court imposes a sentence outside of the guideline range, it must state in open court the specific reason for imposing that sentence. 18 U.S.C. § 3553(c)(2). To satisfy § 3553(c)(2), "[t]he district court's reasons must be sufficiently specific so that an appellate court can engage in the meaningful review envisioned by the Sentencing Guidelines." *Parks*, 823 F.3d at 997 (quotation omitted). The requirement that a court explain a non-guideline sentence is also important for the defendant and the public to understand why the defendant received the sentence. *Id.* & n.30. If the district court does not state a specific reason, remand for resentencing is required. *Id.* at 997.

Steiger does not cite § 3553(c)(2) or this Court's opinion in *Parks* in his appellate brief. However, because one of Steiger's arguments is that his sentence should be vacated and remanded because the district court did not state a reason for the upward variance to the statutory maximum, the issue is properly before this Court. And pursuant to *Parks*, we must review this claim *de novo*, even

---

guideline range because he chooses to "vary" from the guidelines by not applying them. *See United States v. Booker*, 543 U.S. 220, 258–65 (2005) (holding the Sentencing Guidelines are advisory).

though Steiger's counsel did not object on this ground at the conclusion of the revocation proceeding. *See Parks*, 823 F.3d at 996.

The record reflects that the district court did not give any reason for why it was imposing an above-guideline sentence. The government urges that we can look to the context and record from the entire revocation proceeding to glean the reasoning for the sentence imposed. According to the government, because the facts surrounding the murder, which formed the basis of the probation violation, were so heinous, the district court didn't have to say much. In support, the government primarily relies upon *Rita v. United States*, 551 U.S. 338 (2007), and *Chavez-Meza v. United States*, 138 S. Ct. 1959 (2018). In *Rita*, the Supreme Court held that an extensive explanation is not required when a case is "conceptually simple" and the record reveals that the court considered the evidence and arguments. 551 U.S. at 359. In *Chavez-Meza*, the Court reiterated that "[j]ust how much of an explanation" is required "depends . . . upon the circumstances of the particular case" and that sometimes it is enough "that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." 138 S. Ct. at 1965. However, this case differs from *Rita* and *Chavez-Meza* in the significant respect that the district courts in those cases imposed within-guidelines sentences. *See Rita*, 551 U.S. at 345; *Chavez-Meza*, 138 S. Ct. at 1965.[2] The Court in *Rita* explained

---

[2] The defendant in *Rita*, convicted of perjury, making false statements, and obstructing justice, sought a sentence lower than the recommended guideline

that a district court need not give a lengthy explanation for a guidelines sentence because "[c]ircumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence . . . in the typical case, and that the judge has found that the case before him is typical." 551 U.S. at 356–57.

Meanwhile, this Court's precedents establish that when a district court imposes an above-guideline sentence, as the court did here, a specific statement of explanation is required. *Parks*, 823 F.3d at 997 ("The burdens facing a busy district court are real, but the text of § 3553(c)(2) imposes a mandatory obligation."). Further, this Court has "adopted a per se rule of reversal for § 3553(c)(2) errors."

range of 33 to 41 months based on his physical condition, military experience, and vulnerability in prison. 551 U.S. at 342, 344–45. The district court listened to his arguments but concluded that a sentence of 33 months was "'appropriate,'" which the Supreme Court held was a legally sufficient explanation in those circumstances. *Id*. at 344–45. The defendant in *Chavez-Meza* was convicted of possession with intent to distribute methamphetamine and originally sentenced to 135 months of imprisonment, the bottom of the guideline range (135 to 168 months). 138 S. Ct. at 1964. After the Sentencing Commission reduced the guidelines range for certain drug offenses, he filed a motion for a sentence modification. *Id*. The district court ordered that the defendant's sentence be reduced to 114 months on a form issued by the Administrative Office of the United States Courts. *Id*. at 1965. Because the new sentence was not at the bottom end of the new guideline range—which would have been 108 months—the defendant appealed, arguing that he should have received a greater reduction and that the district court did not adequately explain the sentence. *See id*. at 1963, 1966. The Supreme Court rejected this argument, noting the "simplicity" of the case and the fact that the same judge had sentenced the defendant originally and was aware of his arguments. *Id*. at 1967.

*Id.* If the district court does not fulfill its "obligation . . . to explain deviations from the guideline sentencing range, *see* 18 U.S.C. § 3553(c)(2), so that [this C]ourt can determine whether the departure was justified," the case "*must be* remanded for resentencing." *Id.* & n.31 (quotation omitted) (citing *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006) (per curiam) (stating that it is the "duty of this Court" to vacate and remand when the district court does not comply with § 3553(c))).

The district court's statements at the conclusion of the revocation proceeding, quoted above, are not sufficiently specific to allow this Court to understand why the district court imposed an above-guideline sentence. Although the district court likely considered the heinous nature of Steiger's conduct as a reason for the upward variance, and we thus feel certain that we know what the district court will say on remand, we must nonetheless hold that, in light of this Court's precedents, the district court failed to comply with § 3553(c)(2), which requires vacatur and remand.[3]

---

[3] Because we vacate and remand for resentencing, we need not reach the merits of Steiger's other procedural unreasonableness claim or consider whether Steiger's sentence is also substantively unreasonable. *See Gall*, 552 U.S. at 51 ("Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.").

22-10742                  Opinion of the Court                  13

## IV. CONCLUSION

We **VACATE** Steiger's sentence and **REMAND** for resentencing.

22-10742               PRYOR, C.J., Concurring                    1

WILLIAM PRYOR, Chief Judge, Concurring:

I join the panel opinion in full because it correctly applies our precedent. I write separately because we should rehear this appeal en banc to reconsider *United States v. Parks*, which requires a "per se rule of reversal for [section] 3553(c)(2) errors" even when the defendant never objected to the explanation of his sentence in the district court. 823 F.3d 990, 996–97 (11th Cir. 2016). We should treat section 3553(c) challenges like all other procedural sentencing challenges, which we review for plain error when the defendant never objects in the district court. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Ordinarily, "[i]f a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue." *Puckett v. United States*, 556 U.S. 129, 134 (2009); *see* FED. R. CRIM P. 51(b). If a defendant fails to do so, we review his objection on appeal for plain error only. *Puckett*, 556 U.S. at 134–35; FED. R. CRIM. P. 52(b). This rule, which "strictly circumscribe[s]" our review of unpreserved objections, *Puckett*, 556 U.S. at 134, "is founded upon considerations of fairness to the court and to the parties and of the public interest in bringing litigation to an end after fair opportunity has been afforded to present all issues of law and fact," *United States v. Atkinson*, 297 U.S. 157, 159 (1936). The rule applies across the board except with respect to the narrow class of "structural errors undermining the fairness of a criminal proceeding as a whole." *United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004). The rule is especially crucial with respect to

procedural errors because "the district court can often correct or avoid the mistake [if the litigant raises it] so that it cannot possibly affect the ultimate outcome" and require correction on appeal. *Puckett*, 556 U.S. at 134. And we apply the rule to most procedural sentencing challenges, such as the consideration of improper sentencing factors. *Vandergrift*, 754 F.3d at 1307.

The plain-error rule should apply also to an allegation on appeal that the district court did not "state in open court the reasons for its imposition of [a] particular sentence" or the "specific reason" for a sentence that varies from the guideline range. 18 U.S.C. § 3553(c). Nothing in the text of the Federal Rules of Criminal Procedure suggests that an objection based on this statute is different from any other "claim of error." *See* FED. R. CRIM. P. 51(b) ("A party may preserve a claim of error by informing the court" of the objection or requested action "when the court ruling or order is made or sought."). No one suggests that a failure to explain a sentence is a structural error not susceptible of harmlessness review. And there is nothing unique about a section 3553(c) objection that suggests an exception from the plain-error rule. As the Second Circuit has explained, the "long-standing requirements [of section 3553(c)] present no novel or complex issues" that are not apparent in the moment. *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007).

The district court is "better positioned to articulate its reasons during the first sentencing hearing rather than long after the fact." *Id.* Contemporaneous objection develops the record that we

22-10742　　　　　　PRYOR, C.J., Concurring　　　　　　3

need to evaluate the reasonableness of a sentence. *See Parks*, 823 F.3d at 996. And encouraging contemporaneous objection also avoids the wasteful exercise that we see in this appeal.

Today we vacate a sentence of a defendant who will almost certainly receive the same sentence—with an explanation we can all guess—years after the fact. But every other court of appeals to have spoken on the subject would apply plain-error review and likely affirm the district court because Steiger's substantial rights were not violated. *See United States v. Gilman*, 478 F.3d 440, 448 (1st Cir. 2007); *Villafuerte*, 502 F.3d at 211; *United States v. Parker*, 462 F.3d 273, 278–79 (3d Cir. 2006); *United States v. Lynn*, 592 F.3d 572, 576–77 (4th Cir. 2010); *United States v. Gore*, 298 F.3d 322, 324–25 (5th Cir. 2002); *United States v. Eversole*, 487 F.3d 1024, 1035 (6th Cir. 2007); *United States v. Phelps*, 536 F.3d 862, 866 (8th Cir. 2008); *United States v. Vences*, 169 F.3d 611, 613 (9th Cir. 1999); *United States v. Romero*, 491 F.3d 1173, 1175–77 (10th Cir. 2007); *United States v. Ransom*, 756 F.3d 770, 773 (D.C. Cir. 2014). We should join their ranks.

*Parks* established a different rule only because the panel was bound by *United States v. Bonilla*, 463 F.3d 1176, 1181 & n.3 (11th Cir. 2006), which itself relied on *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006). *See Parks*, 823 F.3d at 995 & n.22. "Because [section] 3553(c)(2) affirmatively requires the district court to provide a specific reason for a non-guideline sentence," *Bonilla* and *Williams* reasoned that a "silent record" would "reflect that the sentence is illegal for want of a required statement," so no objection is necessary for record development. *See Parks*, 823 F.3d at 996. The

*Parks* panel found this distinction "plausible" as a "possible" way to reconcile *Bonilla* and *Williams* with our general rule for procedural reasonableness challenges. *Id.* (internal quotation marks omitted). That distinction does not hold water outside the context of a panel's obligation to reconcile conflicting panel precedents. *See United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993).

*Bonilla* and *Williams* are wrong. We routinely apply plain-error review even when a silent record would reveal that the district court committed an error of omission. For example, plain-error review applies to an objection that the district court failed its affirmative obligation to "'advise the defendant that the defendant has no right to withdraw [a] plea'" if the district court declines to apply the prosecution's sentencing recommendation. *Dominguez Benitez*, 542 U.S. at 80–83 (quoting FED. R. CRIM. P. 11(c)(3)(B)); *see also Neder v. United States*, 527 U.S. 1, 8–9 (1999) (plain-error rule applies to a failure to instruct the jury on an element of the offense). And we review for plain error an unpreserved objection to a "fail[ure] to articulate any specific findings regarding the need to seal [an] order" in a criminal trial, *United States v. Cordero*, 7 F.4th 1058, 1066 n.8 (11th Cir. 2021), even though the court "must articulate" those findings on the record, *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005).

This appeal shows why we should reconsider *Parks* and the decisions on which it relied. As the panel opinion recounts, the district court revoked Steiger's probation because he was convicted of brutally murdering the mother of his child and concealing her

22-10742              PRYOR, C.J., Concurring                    5

remains. We have no doubt that the district court on remand will say what we all know is true—that Steiger received a long federal sentence for his breach of probation terms because he committed what his own counsel conceded was the most egregious sort of breach of the trust that probation implies. But because of our "per se rule of reversal," *Parks*, 823 F.3d at 997, this panel is forced to remand for a new sentencing hearing. We should abolish our idiosyncratic and unprincipled treatment of section 3553(c) errors.