[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10702

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ERICA REGINA HICKS,

Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20814-BB-1

_____

Before NEWSOM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Erica Hicks appeals her total sentence of 30 months' imprisonment for conspiracy to commit device access fraud and aggravated identity theft, arguing that her sentence is both procedurally and substantively unreasonable. After review, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2019, a federal grand jury issued a superseding indictment charging Hicks with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count 1); three counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2 (Counts 2, 3 and 4); and one count of possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count 5). Hicks ultimately pled guilty to Counts 1 and 2, and the government dismissed the remaining charges.

Hick's presentence investigation report ("PSI") outlined the following regarding Hicks's criminal conduct dating back to December 2014 when a loss prevention officer at Macy's observed Hicks and Rayveen Hicks ("R. Hicks") randomly selecting clothing items without checking sizes or prices, behavior consistent with fraudulent activity. Hicks approached the register and paid $156.45 for the randomly selected items with a Macy's credit card embossed with the name of someone with the initials L.B. After the first

purchase was approved, Hicks and R. Hicks began selecting additional items from another area in the store. Hicks purchased another $446.28 worth of items and then attempted to make a third purchase worth $299.29, all with the same credit card. However, before the third purchase was completed, the cashier, acting on a recommendation from the loss prevention officer, asked Hicks to provide identification, but she could not do so. The loss prevention officer contacted law enforcement, who arrested Hicks. In a post-arrest statement, Hicks told the officers that she purchased all the items with her grandmother's Macy's credit card. However, Hicks could not provide any information about L.B., and L.B. denied knowing Hicks or ever opening a Macy's credit account.

The PSI further stated that police officers obtained a search warrant for Hicks and R. Hicks's car, in which officers found multiple pieces of mail, a receipt for a Macy's purchase from three days prior using L.B.'s credit card, and a U.S. Postal Service envelope with the personal identifying information ("PII") of two other individuals. Officers also recovered a second envelope with the PII of another person, and a credit card with yet another person's name on it. In all, officers discovered four social security numbers and eight account numbers not belonging to Hicks or R. Hicks inside the car. Police also found approximately 110 social security numbers and other PII belonging to other individuals at Hicks's residence. The state charged Hicks for these offenses, but the case was "no actioned" in January 2015. Later, Hicks was indicted on the present federal charges.

For Count 1, the PSI calculated Hicks's total offense level as 14. The PSI also set Hicks's criminal history category at II based on several prior misdemeanors. One of Hicks's past offenses was from 2017, in which she was convicted for grand theft and fraudulently using another's PII and a credit card. Hicks was sentenced to probation for 24 months, which she successfully completed. The PSI also noted that, in March 2019, Hicks was arrested for grand theft, petit theft, criminal use of personal identification, and the unlawful use of a two-way communication device. According to the police report, Hicks added herself as a signatory to the victim's accounts and fraudulently transferred $25,000 from the victim's savings account to his credit accounts. Hicks also allegedly intercepted a package intended for the victim, valued at $135, and signed for the package. However, those criminal charges were ultimately dropped.

The PSI noted that the statutory imprisonment range for Count 1 was zero to five years, while Count 2 carried a mandatory consecutive sentence of two years. Based on the total offense level of 14 and a criminal history category of II, the PSI set the guideline imprisonment range at 18 to 24 months, plus the consecutive 24 months for Count 2.

Hicks moved for a downward variance. She asked the district court to impose a total sentence of 24 months based on the 18 U.S.C. § 3553(a) factors, her age at the time of the offense, and her current health issues.

At the sentencing hearing, the district court confirmed that no parties had objected to the PSI, and it adopted the facts and calculations in the PSI. The court noted that Hicks had submitted a statement of acceptance of responsibility and applied a 2-level reduction, which decreased her guideline range to 12 to 18 months' imprisonment, plus a consecutive 24 months for Count 2. Hicks then reasserted the arguments she made in her motion for a downward variance, which the government opposed. The government argued that, because of Hicks's ongoing fraudulent conduct, she should receive a sentence of 12 months' imprisonment followed by the two-year mandatory consecutive sentence, for a total of 36 months' imprisonment.

Ultimately, the district court imposed a total sentence of 30 months' imprisonment, consisting of 6 months for Count 1 and a consecutive 24 months for Count 2, followed by 2 years of supervised release. In imposing the sentence, the district court first acknowledged that at the time of the offense, Hicks was 24 years old and was now 31, stating that age would normally be an important consideration. However, it noted that Hicks's behavior between the instant offense and sentencing by continuing to engage in fraudulent activities showed that she did not change her behavior. It then explained that the current offense involved not just 1 fraudulent credit card, but the improper possession of more than 100 pieces of PII. The court noted that the incident that gave rise to her conviction two years later was the same conduct of using a fraudulent credit card and PII, which indicated that Hicks did not

learn from her 2014 arrest and continued to engage in criminal activity.

The district court stated that, based on Hicks's continued criminal activity of the same nature, the variance Hicks requested was not appropriate. The court acknowledged that Hicks would serve 24 months in detention for Count 2 and that it had to determine what sentence would be sufficient but not greater than necessary to serve the goals of sentencing, such as promoting respect for the law and adequate deterrence to Hicks and others contemplating this behavior. With respect to rehabilitation, the court did not identify any recent incidents involving in the same type of behavior. It stated that an appropriate sentence would serve the goals of sentencing but take into consideration her young age at the time and the fact that she would be required to serve 24 months in prison. The court noted that this would be Hicks's first significant sentence in custody and that it wanted to make sure she received medical care for her health condition.

The district court explained that it had considered all the parties' statements, the PSI, and the statutory factors in § 3553(a), and imposed the 30-month total sentence. Hicks did not object to her sentence or the manner in which it was calculated. She now appeals.

## II.    STANDARDS OF REVIEW

We review "*de novo* whether the district court stated a specific reason for imposing a sentence outside the guideline range as required by 18 U.S.C. § 3553(c)(2), even when the defendant did not

object on this ground before the district court." *United States v. Steiger*, 83 F.4th 932, 936 (11th Cir. 2023) (citing *United States v. Parks*, 823 F.3d 990, 996 (11th Cir. 2016)). However, we review other unpreserved challenges to a sentence's procedural reasonableness, such as an argument that the district court failed to adequately consider the § 3553(a) factors, for plain error. *Parks*, 823 F.3d at 994-96. A district court commits plain error if it (1) erred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

We review for an abuse of discretion challenges to a sentence's substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007); *see also Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (U.S. 2020) (holding that appellate courts still review substantive reasonableness challenges for an abuse of discretion even in instances where a defendant did not necessarily object to their sentence but advocated for a shorter sentence). "The party challenging the sentence bears the burden of showing that it is unreasonable." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).

## III.    DISCUSSION

### A.  Hicks's Sentence is Procedurally Reasonable.

On appeal, Hicks argues that her sentence is procedurally unreasonable because the district court did not sufficiently explain its reason for imposing the chosen sentence under § 3553(c)(2). She also asserts that the district court did not appropriately weigh the § 3553(a) sentencing factors in imposing her sentence.

A district court imposes a procedurally unreasonable sentence if it miscalculates the advisory guideline range, treats the guidelines as mandatory, fails to consider the § 3553(a) factors, imposes a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Trailer*, 827 F.3d at 936. Under § 3553(c)(2), when a "district court imposes a sentence outside the guideline range, it must state in open court the specific reason for imposing that sentence." *Steiger*, 83 F.4th at 937 (citing 18 U.S.C. § 3553(c)(2)). The court's reasons must be sufficient to allow this Court to engage in a meaningful review of the sentence. *Id.*

Additionally, the § 3553(a) factors a district court must consider include the criminal history of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a). Although the district court is required to consider the § 3553(a) factors, it is not required to discuss each of the factors, nor must it state that it explicitly considered each of the factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Here, the district court did not impose a procedurally unreasonable sentence. As to Hicks's § 3553(c)(2) challenge, which we review *de novo*, the district court sufficiently explained its reasons for why it imposed a below guidelines sentence. *Steiger*, 83 F.4th at 937. The district court gave a detailed explanation as to what factors it considered, including Hicks's age, history and characteristics, criminal history, and the general need for deterrence and justice. Thus, the district court did not err in this respect.

Hicks's remaining challenge to her sentence under § 3553(a) fails for the same reason. Although the district court was not required to do so, it stated on the record the § 3553(a) factors it considered in imposing Hicks's sentence. *Kuhlman*, 711 F.3d at 1326. The district court's statements show it considered many of the § 3553(a) factors in crafting Hicks's sentence. As such, Hicks cannot establish that the district court imposed a procedurally unreasonable sentence, and we affirm on this issue.

### B. Hicks's Sentence is Substantively Reasonable.

Hicks also challenges the substantive reasonableness of her sentence, contending that the district court failed to consider relevant mitigating factors when it imposed her sentence.

For substantive reasonableness challenges, the "district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (*en banc*)). We defer to the district court's ability to consider and weigh the proper sentencing factors and will only vacate a sentence if we are left with a definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). In considering the § 3553(a) factors, a district court does not have to give all the factors equal weight, for the court is given discretion

to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). "We ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). It is rare for a sentence to be considered substantively unreasonable. *United States v. McQueen*, 727 F.3d 1144, 1256 (11th Cir. 2013).

The statutory term of imprisonment for conspiracy to commit access device fraud is zero to five years' imprisonment. 18 U.S.C. § 1029(a)(3), (b)(2), (c)(A)(i). The statutory term of imprisonment for aggravated identity theft is two years' imprisonment, which must run consecutively to any other term of imprisonment. 18 U.S.C. § 1028A(b)(2).

Here, the district court did not abuse its discretion in sentencing Hicks to a total of 30 months' imprisonment. Hicks's conviction for only 6 months' imprisonment for her Count 1 offense of conspiracy to commit access device fraud is well within the statutory range and below the guideline recommendation. Moreover, Hicks's two-year term of imprisonment for her aggravated identity theft offense in Count 2 is also within the statutory range. Thus, her sentences are presumptively reasonable. *Dougherty*, 754 F.3d at 1364; *Gonzalez*, 550 F.3d at 1324. Additionally, the district court clearly considered all applicable § 3553(a) factors in imposing Hicks's sentence, and there is no indication that the court gave too

22-10702                Opinion of the Court                    11

much or too little weight to any particular factor.  *Irey*, 612 F.3d at 1189.

## IV.    CONCLUSION

For the reasons set forth herein, Hicks's sentences are **AFFIRMED**.